IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **ELESHA SOTO,**<br><br>Plaintiff,<br><br>v.<br><br>**TARA KALATZES, GUS KALATZES,** **and GEORGE LIODAKIS,**<br><br>Defendants. | **REPORT AND RECOMMENDATION**<br><br>Case No. 2:21-cv-00225-DBB-JCB<br><br>**District Judge David Barlow**<br><br>**Magistrate Judge Jared C. Bennett** |

Plaintiff Elesha Soto's ("Ms. Soto") brings this *pro se* complaint against Defendants for events related to the lease of a property in Price, Utah. Ms. Soto has been permitted to proceed *in forma pauperis* under 28 U.S.C. § 1915 ("IFP Statute"). On April 23, 2021, the court ordered Ms. Soto to show cause why this case should not be dismissed for lack of subject matter jurisdiction.[1] Ms. Soto timely filed her response; however, she failed to show that the jurisdictional requirement is satisfied to proceed in this case.[2] For the following reasons, the court recommends dismissing the complaint *sua sponte* for lack of subject matter jurisdiction.[3]

---

[1] ECF No. 3.

[2] ECF No. 4.

[3] *City of Albuquerque v. Soto Enters., Inc.*, 864 F.3d 1089, 1093 (10th Cir. 2017) ("[T]he district courts have an independent obligation to address their own subject-matter jurisdiction and can dismiss actions *sua sponte* for lack of subject-matter jurisdiction.").

This court can only hear cases with federal question jurisdiction—where the action arises under federal laws[4]—or diversity jurisdiction—where the controversy is between citizens of different states and the amount in controversy exceeds $75,000.[5] Here, the complaint only alleges state-law claims, Plaintiff and Defendants are all citizens of Utah, and the amount in controversy is $25,000. Thus, there is no federal question or diversity jurisdiction.

Based on the above defects, the court **RECOMMENDS** that Ms. Soto's complaint be **DISMISSED** without prejudice for lack of subject matter jurisdiction.

\* \* \*

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The parties must file any objection to this Report and Recommendation within fourteen (14) days after being served with a copy of it. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute waiver of objections upon subsequent review.

DATED July 6, 2021.

BY THE COURT:

_____
JARED C. BENNETT
United States Magistrate Judge

---

[4] 28 U.S.C. § 1331.

[5] 28 U.S.C. § 1332.